Richard Keith LUDAHL, Plaintiff and Appellant,

v.

Delmar LARSON, Sheriff of Salt Lake County, Defendant and Respondent.

No. 15713.

Supreme Court of Utah.

Oct. 20, 1978.

5. *Southeastern Promotions, Ltd., supra* note 3, 420 U.S. at 558–59, 95 S.Ct at 1246.

6. See, for example, where convictions were upheld by this Court in *State v. Haig*, Utah, 578 P.2d 837 (1978); *State v. Pierren*, Utah, 583 P.2d 69 (1978).

Brad P. Rich, Salt Lake Legal Defender, Salt Lake City, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

ELLETT, Chief Justice:

The appellant was indicted by a grand jury in the State of Oregon for the crime of first degree burglary, a felony. He fled from Oregon and came to Utah where he was arrested on a fugitive warrant. Extradition papers were sent to the Governor of Utah who issued a rendition warrant. The appellant then filed a petition for release under a writ of Habeas Corpus. That petition was denied and the prisoner ordered delivered to the Oregon officers pursuant to the rendition warrant. This appeal was then taken from the ruling of the trial court.

The prosecution of this appeal seems to be an exercise in futility. The appellant has been taken to Oregon where he is now serving time for his crime and our ruling on this appeal would not release him from the Oregon prison.

His basis for appeal is twofold. He claims the extradition papers were defective in that there was no affidavit which he contends is mandated by the language of section 77–56–3, U.C.A., 1953. The language of the statute in question is this:

No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging  .  .  .  that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, *and accompanied by a copy of an indictment found or by information supported by affidavit* in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon  .  .  .  .

It is obvious from the wording of the statute that there is no requirement of an affidavit when the charge is contained in an indictment found by the grand jury. The affidavit is only required when the charge is by an information filed by the prosecuting attorney. In this case the papers from Oregon show that the appellant is charged by an indictment and not by an information. There is no basis for relief on this claim.

The appellant also claims the trial court should have kept him in Utah until

this appeal was decided. Habeas Corpus proceedings are civil in nature and the appellant could have procured a stay of the execution of the judgment by following Rule 73(d). Prior to the hearing on the application for the writ, the defendant posted a cash bail in the amount of $2,500. The petition was denied February 2, 1978 and the cash bail was released to appellant's counsel on March 1, 1978. The notice of appeal was filed March 3rd, following, and an affidavit of impecuniosity filed March 20, 1978. No application was made for a supersedeas bond and by failing to file the bond, he has no basis to complain because of the fact that the court failed to stay the execution of the judgment.

It seems that courts ought not release a prisoner in extradition proceedings after the writ of Habeas Corpus is refused. The prisoner should be held in custody so as to be available for delivery to the officers of the demanding state when they arrive. If prisoners were permitted freedom on bond as they constantly seek, then by calculated delays in the appellate process they can wear down the efforts of the demanding state to return them for trial. If prisoners were denied bond after the hearing they would not seek the long delays which they otherwise do.

The ruling of the trial court was correct and the judgment is affirmed.

CROCKETT, J., concurs.

MAUGHAN, WILKINS, and HALL, JJ., concur in result.